IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FABICK, INC.,

                                  Plaintiff,                           OPINION AND ORDER

        v.
                                                                       16-cv-172-wmc
FABCO EQUIPMENT, INC. and
JFTCO, INC.,

                                  Defendants.

---

    In this civil action, plaintiff Fabick, Inc. alleges that defendants FABCO
Equipment, Inc. and JFTCO, Inc., infringe plaintiff's "FABICK" trademark in violation of
the Lanham Act, 15 U.S.C. § 1114, and state common law, along with asserting other
related Lanham Act claims.  Before the court is plaintiff's motion to disqualify defendant
JFTCO's counsel, Senniger Powers LLP.  (Dkt. #27.)[1]  The crux of the motion turns on
whether Senniger's previous representation of one of Fabick's affiliates creates a conflict
of interest.  For the reasons that follow, the court will deny that motion.  Although
finding that Fabick is not a client of Senniger, and therefore that no such conflict exists,
the court will order in an abundance of caution that the attorney involved in Senniger's
work with Fabick's affiliate have no further involvement in this lawsuit and further order
that Senniger construct an ethical wall between that attorney and Senniger's remaining
work on this lawsuit.[2]

---

[1] Although Senniger also appears to represent defendant FABCO Equipment, plaintiff did not
seek disqualification from this representation for reasons which are not explained.  Regardless, the
result would be the same.

[2] As a matter of full disclosure, I, too, have a past relationship with two of the parties.  For a brief
time, substantially more than a decade ago, Fabick, Inc. was one of my clients with respect to a
startup of its business at the law firm where I was then a partner, Foley & Lardner, LLP.

BACKGROUND

**A. Relationship between WFI-Global and Fabick**

Plaintiff Fabick, Inc., is a family-owned company with eight employees, five of whom are members of the Fabick family.  Fabick is in the business of selling and applying coatings and sealants for a number of commercial, industrial, construction and agricultural uses.  These products are used in the application of coatings on trucks, heavy machinery and rock or stone surfaces, and as sealants for traffic and weather sensors and concrete joints.

WFI Global, LLC ("WFI") is one of Fabick's affiliates, with Fabick holding a 60% ownership interest in WFI.  WFI is also in the business of selling certain specialty coatings and foam products.  WFI conducts all of its manufacturing and other business operations from the same location as Fabick.  WFI's registered agent is Steven Fabick, a Fabick employee, and its registered office and principal place of business are at Fabick's facilities in Madison, Wisconsin.  Steven Fabick is charged with conducting the daily operational and administrative duties of both WFI and Fabick.  WFI has only one employee, Terry Walker, whose office is located in Fabick's work space.  Fabick also

---

Although the bulk of the work (which ultimately was not substantial and involved intellectual property and business issues outside my area of expertise) was performed by two other lawyers under my very general supervision.  I also provided some brief guidance on a franchising issue along with a colleague.  In those two capacities, I met and spoke with Steven Fabick on a number of occasions.  This work arose out of my long-term representation of Cummins, Inc., on distribution and antitrust issues, during which I worked closely with, but did not represent, Caterpillar and its distributor in the Upper Midwest, FABCO Equipment, Inc., on various legislative initiatives.  My principal, and almost exclusive, contact with FABCO on this work was James Fabick, who I understand before I left Foley was no longer affiliated with either FABICK or FABCO.  Given that my contacts with both companies are not only quite old and limited and that the dispute here appears to have no bearing on any matter for which I was involved with either company, I cannot foresee any conflict, whether actual, perceivable or even arguable, in my continuing to consider the merits of this lawsuit.  Having said that, should any party wish to move for my recusal, I would be happy to reconsider.

manages (1) all of WFI's accounts payable and receivable, (2) conducts all necessary administrative tasks relative to WFI's single employee, including payroll, and (3) has majority voting control and day-to-day operational control over WFI.

Fabick's general counsel, Elizabeth Fabick, provides legal advice to both Fabick and its affiliates.  Elizabeth Fabick was employed as an associate attorney in the litigation practice group at Senniger Powers, LLC, from October 2011 until July 2015, joining Fabick in August 2015.

### B.  Senniger Representation of WFI

In April 2013, WFI engaged Attorney Paul Fleischut at Senniger Powers LLP, the law firm representing defendants in the present action, in connection with registration of two trademarks, WFI GLOBAL and U-CORE.  The registrations were issued in July 2014.  As part of obtaining the marks, Fleischut sent WFI a letter indicating that it would monitor deadlines, as well as remind WFI of its obligations to file Affidavits of Use between July 15, 2019, and July 15, 2020.  Fleischut remains attorney of record with the United States Patent and Trademark Office with regard to these two marks.

Senniger's formal April 2013 engagement letter to Terry Walker expressly states that the representation was exclusively of WFI:

> Our representation here is exclusively of WFI-Global, LLC, and we are not thereby representing any other entities or persons, such as individual inventors, employees, or owners. So, for example when we present documents to individuals for signing, we are doing so on behalf of the company.  Such individuals should seek counsel if they have any concerns as individuals.

3

(Fleischut Decl., Ex. 1 (dkt. #37-1).)   This engagement letter was signed by Elizabeth Fabick, as an attorney with Senniger at that time.[3]

## OPINION

In considering a motion for disqualification, this court looks to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys.  *Diettrich v. Nw. Airlines, Inc.*, 168 F.2d 961, 964 (7th Cir. 1999).  In turn, the Wisconsin Supreme Court Rules are based on the American Bar Association's Model Rules.  *See* Wis. Supreme Ct. Order No. 04-07 (Jan. 5, 2007), https://www.wicourts.gov/sc/rulhear/DisplayDocument.pdf?content=pdf&seqNo=27737; *see also E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-cv-629-SLC, 2010 WL 1981640, at *4 (W.D. Wis. May 17, 2010) (describing state and federal ethical rules as "essentially identical").

There are two specific rules potentially at play here.  The first rule, Wisconsin Supreme Court Rule 20:1.7 (or ABA Rule 1.7), concerns conflicts of interest with current clients.  The second rule, Wisconsin Supreme Court Rule 20:1.9 (or ABA Rule 1.9), governs duties to former clients.  Defendants implicitly argue that WFI is a *former* client of Senniger, in light of defendants' representation that any lingering trademark work concerning the 2014 WFI trademarks are "purely administrative."  (Def.'s Opp'n (dkt.

---

[3] In November 2011, Steven Fabick contacted a partner in Senniger's chemical patent practice group on behalf of Fabick to discuss matters related to a patent application that Fabick was considering pursuing.  Plaintiff, however, stops short of putting forth evidence to support a finding that an attorney-client relationship developed out of that one-time contact.  On its part, defendant details Fabick's use of other attorneys, notably Jennifer Gregor with Godfrey & Kahn, S.C., for recent and current trademark needs.  (Def.'s Opp'n (dkt. #36) 3-4.)  The fact that Fabick uses other counsel, perhaps goes to prejudice if that were a factor for the court's consideration, but it does not address plaintiff's concern about a conflict with Senniger's representation of JFTCO.

#36) 2.)  While the court acknowledges that ongoing work may be minimal, Attorney Fleischut still is listed as the attorney of record on these trademarks, and has undertaken certain ongoing responsibilities in terms of maintaining those marks, which is a limited though still important task.  As particularly importantly, given this evidence of an ongoing representation, defendants have submitted *no* evidence that Senniger's relationship with WFI was ever terminated, even orally, before this lawsuit.  As such, the court agrees with plaintiff that the relevant rule is 20:1.7.

Wisconsin Supreme Court Rule 20:1.7 provides in pertinent part:

> (a) Except as provided in par. (b) [which concerns informed consent], a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

The comments to the Rule 20:1.7 provides additional information on what constitutes "directly adverse":

> Loyalty to a current client prohibits undertaking representation directly adverse to that client without that client's informed consent. Thus, absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated. The client as to whom the representation is directly adverse is likely to feel betrayed, and the resulting damage to the client-lawyer relationship is likely to impair the lawyer's ability to represent the client effectively. In addition, the client on whose behalf the adverse representation is undertaken reasonably may fear that the lawyer will pursue that client's case less effectively out of

5

> deference to the other client, *i.e.*, that the representation may be materially limited by the lawyer's interest in retaining the current client.

Wis. Sup. Ct. R. 20:1.7, cmt. 6.  Moreover, the comments to subsection (a)(2) of the Rule states that:

> [e]ven where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests.

*Id.*, cmt. 7.

Plaintiff's motion, therefore, turns on whether Senniger's current representation of WFI extends to its 60% shareholder and closed related parent company, Fabick.  The comments to the Rule also provide guidance on how to think about a client's related entities:

> A lawyer who represents a corporation or other organization does not, by virtue of that representation, necessarily represent any constituent or affiliated organization, such as a parent or subsidiary.

Wis. Sup. Ct. R. 20:1.7, cmt. 34.  In assessing whether an attorney nevertheless has a duty to a parent company, the comment further explains that:

> the lawyer for an organization is not barred from accepting representation adverse to an affiliate in an unrelated matter, unless [(1)] the circumstances are such that the affiliate should also be considered a client of the lawyer, [(2)] there is an understanding between the lawyer and the organizational client that the lawyer will avoid representation adverse to the client's affiliates, or [(3)] the lawyer's obligations to either the organizational client or the new client are likely to limit materially the lawyer's representation of the other client.

*Id.*

6

As an initial matter, this provision contemplates an attorney being adverse to a related company of a client in an "unrelated matter." While this lawsuit also involves trademark infringement, it is unrelated to Senniger's representation of WFI in obtaining the two trademarks referenced above.[4]

With that said, there are still the three instances in which a lawyer may not accept a representation adverse to a related company of a client. Viewing the first factor in isolation, the close operational and financial relationship between Fabick and WFI weighs in favor of finding "circumstances" that require Fabick, as the parent company, to be considered a client of Senniger as well. *See GSI Commerce Sols., Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 210 (2d Cir. 2010) ("The factors relevant to whether a corporate affiliate conflict exists are of a general nature. Courts have generally focused on: (i) the degree of operational commonality between affiliated entities, and (ii) the extent to which one depends financially on the other."). The retention letter between WFI and Senniger changes the circumstances here because it expressly limits Senniger's representation to WFI itself and *not* to WFI's owners. (Fleischut Decl., Ex. 1 (dkt. #37-1) ("Our representation here is exclusively of WFI-Global, LLC, and we are not thereby representing any other entities or persons, such as individual inventors, employees, or *owners*." (emphasis added)).)

As to the second factor, *nothing* in the retention letter or otherwise suggests that WFI had an understanding with Senniger that it would avoid representation adverse to

---

[4] Defendant focuses on the "substantially related test," but that test is only applicable in the context of "determining whether a lawyer may accept employment against a former client," and therefore has no application here. *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386 (2d Cir. 1976).

Fabick.   Again, WFI's retention letter suggests the opposite.   Moreover, Attorney Fleischut of Senniger represents that he did not even know of the parent-affiliate relationship or the close operational relationship between the two entities at the time he was retained by WFI.  (Fleischut Decl. (dkt. #37) ¶ 17.)

Third and finally, Senniger's sole obligation to WFI to remind it of the need for filing Affidavits of Use with respect to two unrelated, trademarks in 3-4 years, is highly unlikely to limit its ability to represent defendant JFTCO in this action.  Nor does the court find that Senniger's representation of JFTCO in this action likely to limit its ability to fulfill this narrow administrative responsibility in maintaining WFI's trademarks, especially given the court's order described below.  And it if does, Fabick is obviously in a position to direct WFI to relieve Senniger of any further responsibility.

Even if the court were to conclude that Senniger's current representation of JFTCO somehow violated Rule 20:1.7(a), that would not necessarily result in disqualification, especially if Senniger implemented a screen and the complaining party cannot show it was harmed.  *See, e.g.*, *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 138-39 (2d Cir. 2005) ("We see no reason why, in appropriate cases and on convincing facts, isolation-whether it results from the intentional construction of a 'Chinese Wall,' or from de facto separation that effectively protects against any sharing of confidential information-cannot adequately protect against taint.").

While it appears that Attorney Paul Fleischut may have been involved in defendant's retaining Senniger to represent JFTCO, Attorney Fleischut has not entered an appearance in this lawsuit.  To the extent his knowledge of the WFI trademarks could

8

be material in assessing, for example, how Fabick as WFI's parent company values trademarks, the court will order Attorney Fleischut, in an abundance of caution, not to be involved in this action and further order Senniger to place an ethical wall between Fleischut and Senniger's work in this case to protect any possible prejudice. *See Silicon Graphics, Inc. v. ATI Techs., Inc.*, 741 F. Supp. 2d 970, 980 (W.D. Wis. 2010) (recognizing a federal court's inherent authority to regulate lawyer conduct) (citing *In re Snyder*, 472 U.S. 634, 645 (1985)).


ORDER

IT IS ORDERED that plaintiff Fabick, Inc.'s motion to disqualify counsel for JFTCO, Inc. (dkt. #27) is DENIED, except the court will order Attorney Paul Fleischut to not be involved in this action and will require Senniger Powers, LLP to construct an ethical wall between Attorney Fleischut and any work by Senniger on this lawsuit.

Entered this 30th day of September, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

9