IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

FABICK, INC.,

       Plaintiff,                                                                ORDER

       v.                                                                  16-cv-172-wmc

FABCO EQUIPMENT, INC.
and JFTCO, INC.,

       Defendant.
_____

Before the court is defendants FABCO Equipment, Inc., and JFTCO, Inc.'s motion to "compel discovery or, alternatively, to preclude evidence and argument at trial and strike plaintiff's reliance on advice of counsel in its summary judgment briefing." (Dkt. #211.) The court held a telephonic hearing on this motion today, at which the parties appeared by counsel.

During the hearing, the court divided the privileged documents at issue (*see* Defs.' Mot. (dkt. #211) 5-6) into two categories: the first consisting of those from the July 24, 1995 letter from Jay Fabick to Joe Fabick to the November 8, 1996 notes from Jay Fabick to Joseph Fabick, Sr.; and the second consisting of those documents from the July 8, 2002 Assignment sent from Richard Glesner to Jay Fabick to the December 9, 1999 Letter and Agreement from Jay Fabick to Joe Goode. With respect to the second set of documents, for the reasons provided during the hearing and set forth in further detail below, the court will deny the motion to compel, but will strike any statements in plaintiff's summary judgment submissions that Jay Fabick relied on attorney advice in signing a declaration in

1

support of the trademark application and transferring the FABICK marks to another entity, as well as preclude plaintiff from offering similar testimony at trial, including without limitation that Jay Fabick "relied upon," "acted on" or "acted because of" the advice or recommendation of counsel. As for the first set of documents, the court will reserve a ruling pending further briefing by the parties and *in camera* inspection by the court.

BACKGROUND

Defendants FABCO Equipment, Inc., and JFTCO, Inc., assert an "unclean hands" defense in response to plaintiff Fabick, Inc.'s trademark infringement claims, which centers around two events: (1) Jay Fabick's transfer of the FABICK marks to J.G. Fabick, LLC, before the transfer of Fabick, Inc., stock to Jay and then the subsequent transfer of the marks back to Fabick, Inc., after resolution of a lawsuit against FABCO; and (2) Jay Fabick's declaration to the USPTO as part of the trademark application that he had no knowledge of use of the FABICK marks use in commerce in a manner that would be likely to cause confusion.

Defendants contend that in response to defendants' motion for summary judgment and in Jay Fabick's deposition, plaintiff put the advice of its counsel in issue and, therefore, waived the attorney-client privilege. Specifically, defendants contend that plaintiff waived the privilege with respect to the following three subject areas:

1. Documents and communications relating to the transfer of the FABICK registrations between plaintiff and J.G. Fabick, LLC, which defendants characterize as a shell corporation.

2

2. Preparation and prosecution of the trademark and service applications for the FABICK mark.

3. Documents and communications on which plaintiff relies to argue that FABCO had knowledge of the FABICK trademark registration.

In response to defendants' motion, plaintiff principally denies placing advice of counsel at issue in this litigation and, therefore, denies waiving the attorney-client privilege.

OPINION

With respect to the first two subject areas, plaintiff argues that advice of counsel is not even mentioned in plaintiff Fabick, Inc.'s opposition to the motion for summary judgment. Instead, Jay Fabick testified at his deposition that he followed the advice of counsel in: (1) signing the declaration submitted with the trademark applications; and (2) transferring the marks to J.G. Fabrick, LLC. (Pl.'s Opp'n (dkt. #213) 8-9 (excerpting relevant portions of deposition text).) As to the latter, plaintiff further argues that simply mentioning that he consulted with an attorney does not place the defense in issue. (*See* Pl.'s Opp'n (dkt. #213) 11-15 (discussing cases distinguishing between placing advice of counsel defense at issue and simply mentioning that a party consulted with an attorney.)

After briefly reviewing the parties' summary judgment submissions, the court agrees that plaintiff has not *asserted* an advice of counsel defense and, therefore, finds no waiver to date. *See State v. Hydrite Chem. Co.*, 220 Wis. 2d 51, 68-69, 582 N.W.2d 411, 418 (Ct. App. 1998) (adopting "restrictive" view of the "at issue" doctrine, where privilege is only waived "when the privilege holder attempts to prove a claim or defense by disclosing or describing an attorney-client communication," but *not* when "the privilege holder places a

claim or defense at issue and the document in question has a direct bearing on that claim or defense, regardless of whether the privilege holder intends to use the document to prove the claim or defense").

While Jay Fabick testified at his deposition that he consulted with attorneys regarding the declaration and transfer of the marks and relied on their advice and plaintiff propose certain findings of facts in its summary judgment briefing consistent with this testimony, Fabick neither disclosed the substance of the communications nor has plaintiff otherwise waived any privilege that might attach to the withheld documents by attempting to prove a claim or defense by describing those communications. *See id.* at 67, 582 N.W.2d at 418 (quoting *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication.")).

Having now affirmatively asserted the privilege as to the substance of his oral and written communications with counsel and those documents, however, Jay Fabick (and other plaintiff's witnesses privy to their content, if any) are precluded from relying in anyway on the advice of counsel in explaining plaintiff's actions with respect to signing the 1994 declaration or transferring its trademarks to a separate company in 1997. Specifically, Jay Fabick will be precluded from indicating that, with respect to both actions, he "reached that determination after consulting with legal counsel," that he "relied on the

4

advice of counsel," or that "a course of action was recommended by counsel," or any similar testimony.

The court also can find no waiver of any privilege requiring disclosure of the attorney-client communications regarding the first set of documents described above -- those involving Foley & Lardner's apparent joint representation of FABCO and Fabick, Inc., from roughly 1993 through 1996, for purposes of securing the FABICK trademarks. However, by defendant FABCO (or as its counsel referred to that defendant, the company formerly known as FABCO) the communications may be discoverable for another reason: defendant FABCO shares in that privilege jointly and is entitled to review those documents. (Defs.' Br. (dkt. #212) 14; Pl.'s Opp'n (dkt. #213) 22-24.)

Of course, as discussed during the hearing, there is a third party involved in this lawsuit, defendant JFTCO, Inc., which complicates any order by the court to disclose these documents, as well as FABCO's right to do so upon receipt without Fabick, Inc.'s consent. These issues, however, were not fully anticipated or briefed by the parties. As such, the court directed defendants to file a brief by October 9, 2017, describing any basis for disclosure to JFTCO, Inc., and plaintiff has until October 11, 2017, to brief its continued opposition to disclosure to JFTCO, Inc., as well as any practical or legal impediments to disclosure of the documents solely to FABCO and its counsel. At the time of filing, plaintiff should also file the first category of privileged documents *ex parte* for *in camera* inspection by the court.

ORDER

IT IS ORDERED that:

1) Defendants FABCO, Equipment, Inc., and JFTCO, Inc.'s motion to compel discovery or, alternatively, to preclude evidence and argument at trial and strike plaintiff's reliance on advice of counsel in its summary judgment briefing (dkt. #211) is GRANTED IN PART, DENIED IN PART and RESERVED IN PART as follows:

   a. The motion to preclude Fabick, Inc., from relying on an advice of counsel defense at summary judgment or at trial is GRANTED. The parameters of Jay Fabick's or other Fabick, Inc., witnesses' testimony at trial is described in the opinion above.

   b. The motion to compel is, therefore, DENIED with respect to the "second category" of documents described on pg. 1 of the opinion above.

   c. The motion to compel is RESERVED with respect to the "first category" of documents described on pg. 1 of the opinion above.

2) On or before October 9, 2017, defendants may file a further brief describing any basis for disclosure of the documents to defendant JFTCO, Inc.

3) On or before October 11, 2017, plaintiff may file a response brief. At the same time, plaintiff shall submit *ex parte* a copy of those documents in the first category for *in camera* inspection.

Entered this 5th day of October, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge