IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FABICK, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FABCO EQUIPMENT, INC. and JFTCO, INC.,<br><br>　　　　　　Defendants. | Case No.  3:16-cv-00172-wmc |

**DEFENDANTS' MOTION *IN LIMINE* NO. 2
TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE
AND ARGUMENT RELATING TO A THEORY OF DAMAGES
BASED ON DEFENDANTS' PROFITS OR PLAINTIFF'S LOST SALES
AND TO EXCLUDE EXPERT TESTIMONY FROM MR. BERO**

In its November 8, 2017 Order, the Court found that Plaintiff Fabick, Inc. ("Plaintiff") "fails to develop any theory as to why [Defendants' profits] would be appropriate here, much less evidence supporting its award." (Court's Summary Judgment Order (Doc. 221) 63.)  The Court also found that "[P]laintiff has failed to put forth any theory to support a damages award based on lost sales."  (*Id.* at 62.)  The Court then restricted Plaintiff's claim for damages to preclude Plaintiff from presenting a theory based on Defendants' profits and/or Plaintiff's lost sales.  (*Id.* at 64.)  Defendants JFTCO, Inc. ("JFTCO") and FEI Legacy, Inc. (formerly known as FABCO Equipment, Inc.) ("FABCO") respectfully request the Court exclude at trial any evidence or argument relating to a theory of damages based on Defendants' profits or Plaintiff's lost sales.

Further, in his expert report, Plaintiff's expert witness, Mr. Bero, merely sums Defendant JFTCO's revenues in connection with Plaintiff's demand for JFTCO's profits.  In light of the Court's Summary Judgment Order, such testimony is irrelevant to any issue remaining in this case.  Moreover, his report does not support any testimony beyond the extremely limited analysis

disclosed in his report (*i.e.*, JFTCO's revenues).  Therefore, Defendants respectfully request the Court to enter an Order precluding Mr. Bero from testifying at trial.

## I.   LEGAL STANDARDS

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial."  Fed. R. Civ. P. 37(c)(1).  The Seventh Circuit has made clear that, absent a finding of adequate justification or harmlessness, exclusion under Rule 37 is automatic and mandatory.  *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.").

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."  *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir. 2003) (internal citations omitted).  Factors to consider in exercising that discretion include: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."  *David*, 324 F.3d at 857.

Under Rule 26(a)(2), a party that intends to rely upon an expert witness's testimony is required to furnish a report containing, among other information, "a complete statement of all opinions" the retained expert will provide, "and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i).  "It is axiomatic that experts may not testify on issues that they did not discuss in their expert reports."  *Avnet, Inc. v. Motio, Inc.*, No. 12 C 2100, 2016 WL 3365430, at *7 (N.D. Ill. June 15, 2016) (citing *Rembrandt Vision Techs., L.P., v. Johnson & Johnson Vision Case, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013)).

**II.      THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT RELATING TO PLAINTIFF'S THEORY OF DAMAGES BASED ON DEFENDANTS' PROFITS AND PLAINTIFF'S LOST SALES.**

In its Summary Judgment Order, the Court found that Plaintiff has failed to develop a theory of damages based on Defendants' profits and Plaintiff's lost sales.  (Court's Summary Judgment Order (Doc. 221) at 62-64.)  The Court therefore restricted Plaintiff from seeking damages based on either of these theories.  Following the Court's Order, the only damages theories left available to Plaintiff are based on the time that its employees spent dealing with alleged confusion, and damages based on alleged harm to Plaintiff's goodwill.  (*Id.* at 62-63.)[1]

For these reasons, Defendants respectfully request the Court enter an Order precluding Plaintiff from presenting at trial—whether in the liability phase or the remedy phase—any evidence of a damages theory based on Defendants' profits or Plaintiff's lost sales.

**III.     THE COURT SHOULD PRECLUDE ANY TESTIMONY FROM MR. BERO AT TRIAL.**

**A.      Mr. Bero Should Be Precluded From Testifying Regarding JFTCO's Revenues, Which is the Only Issue Addressed in His Expert Report.**

Mr. Bero's expert report, by his own admission, focused solely on the issue of Defendants' profits: "I have been asked to address defendant's profits damages.  For purposes of this report, I have been asked to determine JFTCO's sales to customers located in Wisconsin and the Upper Peninsula of Michigan starting July 1, 2015."  (Decl. of Jessica Hutson Polakowski ("Polakowski Decl.") ¶ 16 & Ex. O (Expert Report of Richard Bero) 1.)  As stated above, in its Summary Judgment Order, the Court restricted Plaintiff's claim for damages, precluding a claim based on Defendants' profits.  Any testimony from Mr. Bero related to Defendants' profits is irrelevant to any issue remaining in this case.  Additionally, Mr. Bero's testimony regarding

---

[1] Defendants are filing jointly with this Motion a separate Motion *in Limine* regarding the insufficiency of Plaintiff's evidence of these types of damages, based, in part, on Plaintiff's failure to comply with Rule 26(a)(1)(A)(iii).

JFTCO's revenues would be unduly prejudicial to Defendants as Plaintiff is precluded from even seeking damages based on this theory of recovery.

Defendants respectfully request the Court enter an order precluding Mr. Bero from testifying at trial—whether in the liability phase or the remedy phase—regarding Defendants' profits.

### B. The Court Should Exclude Testimony from Mr. Bero that Extends Beyond His Expert Report.

Experts may not testify to opinions that were not disclosed in their reports.  The Court should therefore preclude Mr. Bero from testifying on any matter outside the scope of his expert report (*i.e.*, any testimony unrelated to Defendants' revenues), as this would amount to untimely disclosed expert testimony.  *Liquid Dynamics Corp. v. Vaughan Co.*, No. 01 C 6934, 2004 WL 2260626, at *2  (N.D. Ill. Oct. 1, 2004) (granting motion in limine to exclude any evidence or testimony relating to untimely disclosed expert opinions).  The time for disclosing expert testimony as required by Rule 26(a) and the Court's Scheduling Order has long since passed.

Permitting Mr. Bero to testify on issues beyond the scope of his expert report would be neither justified nor harmless.  Any new damages theories or opinions, or any testimony as to liability-related issues, would necessarily be surprising and prejudicial to Defendants, who have received nothing beyond Mr. Bero's opinion as to their revenues.  Nor could such prejudice be cured at this stage of the case.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to exclude from trial any evidence or argument relating to Plaintiff's damages theory based on Defendants' profits or Plaintiff's lost sales.  Further, Defendants respectfully request the Court to exclude Mr. Bero's testimony at trial.

Dated:  November 10, 2017           Respectfully submitted,

SENNIGER POWERS LLP

By: _s/ Marc W. Vander Tuig_____
Marc W. Vander Tuig (*pro hac vice*)
Robert M. Evans, Jr. (*pro hac vice*)
John R. Schroeder (*pro hac vice*)
Kyle G. Gottuso (*pro hac vice*)
100 North Broadway
17th Floor
St. Louis, MO 63102
314-345-7000
314-345-7600 Fax
mvandertuig@senniger.com
revans@senniger.com
kgottuso@senniger.com
jschroeder@senniger.com

PERKINS COIE LLP
Gabrielle E. Bina
One East Main Street Suite 201
Madison, WI 53703-5118
608-663-7489
gbina@perkinscoie.com

*Attorneys for Defendant JFTCO, Inc.*

REINHART BOERNER VAN DEUREN, S.C.

By: _s/   Jessica Hutson Polakowski_____
Scott W. Hansen (#1017206)
Jessica H. Polakowski (#1061368)
Andrea M. Davenport (#1088374)
Monica A. Mark (#1082428)
22 East Mifflin Street, Suite 600
Madison, WI 53703
608-229-2200
shansen@reinhartlaw.com
jpolakowski@reinhartlaw.com
adavenport@reinhartlaw.com
mmark@reinhartlaw.com

*Attorneys for Defendant FEI Legacy, Inc.*
*f/k/a FABCO Equipment, Inc.*

37703650v2

5