IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

FABICK, INC.,

                Plaintiff,            OPINION AND ORDER

v.

                                            16-cv-172-wmc

JFTCO, INC.,

                Defendant.
───────────────────────────────────────────────

     At summary judgment, the court concluded that plaintiff had failed to articulate a theory or put forth evidence in support of a claim of damages based on its lost sales or defendants' profits. At that time, however, the court denied defendants' motion for summary judgment as to any claim of actual damages given at least the possibility of damages of confusion over the parties' products or damage to goodwill, while noting that that plaintiff's failure to comply with Rule 26(a)(1)(A)(iii)'s disclosure requirements may bar plaintiff from pursuing *any* damages theory. Taking this invitation, defendants then moved in limine for an order barring plaintiff from pursuing a damages case. (Defs.' Mots. in Limine (dkt. ##228-230).) The court granted that motion, but provided plaintiff "one last opportunity to point out timely, disclosed, *specific* evidence or qualified opinion that would support a monetary award for past damages at the final pretrial conference." (12/4/17 Op. & Order (dkt. #327) 15.)

     At the final pretrial conference, plaintiff argued that it had adequately disclosed a single category of damages for loss of goodwill in its mark based on: (1) its purported advertising expenditures over the last 20 years -- an amount, which itself, is uncertain -- as a "yardstick"; and (2) Joe Fabick's testimony that Fabick's goodwill has been damaged or

diluted by defendant JFTCO's relative size, extensive advertising and use of the FABICK CAT mark. (*See also* Pl.'s Suppl. Br. (dkt. #335) 1-4.) Additional, supplemental briefing followed by the parties. For the reasons explained below, the court will prevent plaintiff for pursuing a damages claim in this jury trial. The court will, however, consider plaintiff's evidence in crafting an equitable award, if the jury finds trademark infringement.

In their supplemental response, defendants review in detail plaintiff's failure to disclose timely a damages claim based on its advertising expenditures as a measure of damage to goodwill. (Defs.' Suppl. Br. (dkt. #338) 1-5.) Plaintiff has *never* offered a credible response to this challenge, other than to argue that proof of damages of goodwill "is particularly flexible and not subject to stringent requirements of mathematical proof." (Pl.'s Resp. to MIL (dkt. #288) 2.) Even crediting this argument, plaintiff's theory is based on (1) advertising expenditures that were always within its control and (2) the testimony of one of its employees about the purported damage to its reputation or goodwill caused by defendants' alleged infringement. Accordingly, there is *no* reason why plaintiff could not have disclosed both this theory of recovery and the underlying advertising expenses in a timely manner, including the specific advertising expenditures (rather than just a top line number of $740,000) *and* a meaningful explanation as to why those expenditures is a good "yardstick" for arriving at an award for a loss of goodwill in a reverse infringement case. Moreover, by failing to make even its inadequate disclosure until long after the passing of the expert disclosure deadline and late in discovery, defendant is quite right to assert prejudice.

Even if the court were reluctant generally to kick such a poorly and untimely disclosed damages claim under Federal Rules of Evidence 26(a) and 37(c)(1), plaintiff's theory and its evidence does not fit the facts of this reverse confusion case, involving dilution of the value of plaintiff's trademarks by defendant's saturation of the market with its use of the FABICK CAT mark.[1] In support of its claim for monetary damages, plaintiff directs the court to two cases. In *Skydive Arizona v. Quattrocchi*, 673 F.3d 1105 (9th Cir. 2012), the Ninth Circuit considered a challenge to a jury's award of actual damages for harm to goodwill in a traditional or forward confusion trademark infringement claim. In finding that plaintiff had offered sufficient evidence to support the jury's award, the court specifically considered plaintiff's "ample evidence proving the original value of Skydive America's goodwill," including evidence showing its advertising expenditures over a 10-year period. *Id.* at 1112. In *D.L. Anderson's Lakeside Leisure Co., Inc. v. Anderson*, 2008 WI 126, 314 Wis. 2d 560, 757 N.W.2d 803, the Wisconsin Supreme Court also affirmed a jury's award for damage to goodwill, in part based on the plaintiff's employees' description of the damage to the plaintiff's reputation caused by the defendant's trademark infringement. *Id.* at ¶¶ 67-71; *see id.* at ¶ 68 ("The jury could reasonably have credited the Statzes' testimony concerning the diminution of value of the goodwill, which was their property.").

---

[1] In fairness, plaintiff did disclose the theory and produce most of the financial information in time for defendants to explore this claim for damages in a 30(b)(6) deposition, which arguably gave sufficient notice for defendant to seek an opportunity to compel further, expedited discovery or supplement the opinions of its experts.

As defendants argue in their supplemental brief, both *Skydive Arizona* and *D.L. Anderson* are distinguishable from the facts at issue here. In seeking damages, plaintiff must demonstrate at least three elements: (1) its advertising expenditures is a reflection of the value of Fabick's marks; (2) that the value of the trademarks was diminished by JFTCO's use of FABICK CAT; and (3) the amount that the trademarks were diluted or the value diminished. *See Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1157 (7th Cir. 1994) ("Items alleged as either unjust enrichment to the defendant or damages suffered by the plaintiff must, of course, have been caused by the infringement itself; in addition the amount must be provable, although some uncertainty in making this calculation is allowed.") (citing *Web Printing Controls Co., Inc. v. Oxy–Dry Corp.*, 906 F.2d 1202, 1205 (7th Cir. 1990); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 745 (7th Cir. 1985)).

As for the first element, the Ninth Circuit in *Skydive Arizona* described "ample evidence" of the value of the plaintiff's goodwill (presumably, the advertising expenditures were simply part of that evidence). 673 F.3d at 1112. Similarly, in *D.L. Anderson*, the value of the plaintiff's goodwill was a negotiated line item in the parties' recent sale agreement. 2008 WI 126, at ¶ 60.

More fundamentally, plaintiff's claim for damages falters on the second and third elements described above. In *Skydive Arizona* and *D.L. Anderson*, both plaintiffs' customers expressing frustration as a sufficient basis for the jury to find both the fact of injury to plaintiff's goodwill and to measure the amount of that harm. *See Skydive Arizona*, 673 F.3d at 1112 ("Skydive Arizona then presented to the jury multiple declarations and witness

4

testimony proving that customers were very angry with, and blamed Skydive Arizona for, problems caused by SKYRIDE."); *D.L. Anderson*, 2008 WI 126, ¶ 71 (describing evidence of "uncomfortable interactions with customers and confusion relating to payment of invoices"). In contrast, plaintiff Fabick is pursuing a reverse confusion case based on a theory that the public believes plaintiff is somehow *connected* with defendant JFTCO, not that its customers believe that JFTCO's products or services are those of plaintiff's. Unlike the plaintiffs in *Skydive Arizona* and *D.L. Anderson*, therefore, plaintiff does not have evidence of its *own* customers' frustration, believing that defendant's products or services were the same as that of plaintiff's -- or, at least, that's not the principal thrust of plaintiff's infringement claim, nor the primary basis for its claim to damages.[2]

Instead, plaintiff's evidence is of defendant JFTCO's customers and other members of the public suffering confusion over JFTCO's use of FABICK CAT. This evidence, however, falls short of demonstrating that plaintiff's goodwill has been damaged by defendants' actions. At most, plaintiff's claim is that it no longer has the ability to control how the FABICK mark is used or how the public relates to that mark. While the court agrees that this *could* be a source of compensatory damages, plaintiff's evidence of adverting expenditures, coupled with Joe Fabick's vague deposition testimony simply does not fit this reverse confusion claim.

Instead, the court looks to the Seventh Circuit's discussion of an appropriate remedy in *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 879 F.2d 947 (7th Cir. 1992), far

---

[2] While plaintiff has evidence of isolated instances of its own customers suffering confusion, those instances are limited and not the basis of plaintiff's articulated damages theory.

instructive. *Sands* was the first case in which the Seventh Circuit recognized a reverse confusion claim, and the court vacated the district court's award of $24 million in defendant's profits, finding it "not 'equitable;' rather, it is a windfall to the plaintiff." *Id.* at 963. Instead, a majority of the panel remanded for "a more precise determination" of damages, and specifically indicated that a "generous approximation of the royalties [defendant] would have to pay [plaintiff] for use of the THIRST-AID mark had it recognized the validity of [plaintiff's] claims seems to us an appropriate measure of damages, although not the only one." *Id.*

A majority of the panel specifically directed the district court to use the following principles in crafting an equitable award:

> (1) The court may not simply award [plaintiff] a percentage of [defendant's] profits; (2) the court should use a reasonable royalty as a baseline or starting point for determining the appropriate award; (3) in determining the appropriate award, the court may take into account the possible need for deterrence, which may involve consideration of the amount of [defendant's] profits.

*Id.* at 963 n.19. As such, if the jury finds trademark infringement and rejects defendant's defenses, the court will consider awarding an equitable remedy that takes into consideration these factors.

ORDER

IT IS ORDERED that plaintiff is precluded from presenting a compensatory damages case to the jury.

Entered this 13th day of December, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge