IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FABICK, INC.,

                        Plaintiff,                      OPINION AND ORDER

    v.

                                                                     16-cv-172-wmc

JFTCO, INC.,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        At the close of plaintiff's case in chief and again at the close of its case on its affirmative defenses, defendant moved for judgment as a matter of law under Federal Rule of Evidence 50(a), asserting various bases on the record. The court effectively denied those motions by allowing plaintiff's claims and defendant's defenses to go to the jury. The court issues this brief opinion explaining its reasoning in doing so. While the court has denied the motion, defendant has preserved these arguments for purposes of bringing a Rule 50(b) motion.

        Under Federal Rule of Civil Procedure 50, judgment as a matter of law may be granted where there is no "legally sufficient evidentiary basis" to find for the party on that issue. Fed. R. Civ. P. 50(a). In considering a Rule 50 motion, the court is to "examine the evidence presented, combined with any reasonably drawn inferences, and determine whether that evidence sufficiently supports the verdict when viewed in the light most favorable to the non-moving party." *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 835 (7th Cir. 2013). The court does not make credibility determinations or weigh the evidence, though it must assure that more than "a mere scintilla of evidence" supports the verdict. *Hossack v. Floor Covering Assocs. of Joliet, Inc.*, 492 F.3d 853, 859 (7th Cir. 2007). The court

may "reverse the verdict only if no rational jury could have found for the prevailing party." *AutoZone, Inc.*, 707 F.3d at 835.

Orally and in a supplemental brief in support of its motion at the close of plaintiff's case-in-chief, defendant sought judgment in its favor on plaintiff's trademark claims, arguing that: (1) plaintiff failed to put forth sufficient evidence to support a jury's finding of likelihood of confusion and (2) with respect to the common law claim, plaintiff failed to put forth sufficient evidence to support a finding of acquired distinctiveness, especially in the Upper Peninsula of Michigan.

As for defendant's *first* basis for judgment as a matter of law, the court rejects this challenge for the same reason it denied defendant's motion for summary judgment. (11/8/17 Op. & Order (dkt. #221) 33-50.) Defendant contends that: the parties' marks are different; their products are different; there was no evidence that a customer of either party attempted to purchase goods from the other party; and that the consumers are sophisticated and educated. Defendant's counsel also made these same arguments to the jury. The jury obviously concluded that these factors weighed in favor of plaintiff, and the court will await further briefing as to the legal sufficiency of that finding.

As for defendant's *second* basis -- that plaintiff has failed to demonstrate acquired distinctiveness -- defendant specifically argues that plaintiff has failed to put forth evidence to support a finding for the Upper Peninsula of Michigan. As previously explained, however, both of the parties treated the relevant geographic area consistently as a combination of Wisconsin and the Upper Peninsula of Michigan. Regardless, the jury rejected this claim, thus mooting defendant's motion on this ground.

With respect to its defenses, for which it bears the burden of proof, defendant sought judgment as a matter of law at the close of the evidence, argued that a reasonable jury could *only* find that: (1) JFTCO is the continuous, prior user of the mark; and (2) plaintiff abandoned the mark by failing to reasonably control the quality of the products in its licensing to others. As for the continuous prior use defense, the court agrees -- as it indicated on the record -- that defendant's evidence is strong, but the court declined to grant judgment in plaintiff's favor, finding disputes of fact as to whether the John Fabick Tractor Company's use of FABICK in Wisconsin and the Upper Peninsula of Michigan before March 25, 1994, was sufficient to establish "use" as that term is defined in *S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 666 (7th Cir. 2016). More importantly, the scope of the appropriate market segment and how that segment is defined, whether geographically and/or by product line is at least open for debate.

As for the failure to exercise reasonable control defense, while the court agrees that plaintiff's response that the use by other entities of the Fabick name was "permissible" offers little defense to whether plaintiff exercised any quality control, there is evidence that none of the other uses were sufficiently substantial or widespread to warrant policing. In light of defendant's heightened burden of proof with respect to this affirmative defense, the court opted to allow the jury to decide that question as well, which, of course, it did adversely to defendant.

ORDER

IT IS ORDERED that defendant JFTCO, Inc.'s motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) is DENIED.

Entered this 18th day of December, 2017.

BY THE COURT:

\_\_s/_____
WILLIAM M. CONLEY
District Judge